**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 08-cr-1009 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| TERRENCE BROWN and | ) | |
| LYNN ROWE. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant Rowe's motion to sever [96] is respectfully denied.

**I.   Background**

On August 13, 2009, Defendants Lynn Rowe and Terrence Brown were charged together in a superseding indictment with one count of knowingly and intentionally attempting to posses with intent to distribute 5 kilograms or more of cocaine in violation of Title 21, United States Code, § 841(a)(1) (Count II). Defendant Brown also was charged with one count of conspiracy under 21 U.S.C. § 846 (Count I) and one count of possessing a firearm in furtherance of the drug-trafficking crime alleged in Count Two in violation of 18 U.S.C. § 924(c) (Count III).

The allegations in Counts II and III of the superseding indictment arise from a single transaction. The indictment alleges that on December 4, 2008, Rowe was a passenger in a blue Dodge Durango that was driven by Brown. The two traveled together to the area of 31st Street and Normal Street in Chicago to meet with an individual who, unbeknownst to Brown and Rowe was an undercover DEA officer, and to take delivery of 10 kilograms of cocaine. During the meeting, the undercover officer retrieved a bag containing 10 kilograms of a cocaine look-alike substance, entered the rear driver side of the Durango, and placed the bag on the back seat. According to the indictment, as Brown reached for a bag containing approximately $14,740 in

cash, Rowe exited the front passenger side of the Durango, entered the rear passenger side door, and sat next to the undercover officer. The indictment further alleges that once in the backseat, Rowe looked inside the bag containing the look-alike kilograms and appeared to be counting the kilograms. Brown then handed Rowe the bag of cash, which Rowe, in turn, handed to the undercover officer. After the officer took the cash and exited the Durango, Brown and Rowe were arrested. During a search of the vehicle, law enforcement recovered a handgun.

## II. Analysis

### A. Legal Standard

Defendant Rowe acknowledges that joinder of Defendants under Fed. R. Crim. P. 8 was proper, but moves for severance pursuant to Fed. R. Crim. P. 14: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14.

Under Seventh Circuit law, "[t]here is a particularly strong preference for a single trial with codefendants who have been jointly indicted." *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1992)). One trial involving all defendants is preferred over separate trials because joint trials reduce the burdens on the judiciary, prosecutors, and witnesses, avoiding the extra expenses incurred in multiple trials. *United States v. Blassingame*, 197 F.3d 271, 286 (7th Cir. 1999). In short, joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987)). Accordingly, in all but the "most unusual circumstances," the risk of prejudice

arising from a joint trial is "outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *Blassingame*, 197 F.3d at 286.

When defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. As the Seventh Circuit repeatedly has explained, "limiting instructions * * * often will suffice to cure any risk of prejudice." *United States v. Warner, et al.*, 498 F.3d 666, 700-701 (7th Cir. 2007) (quoting *Zafiro*, 506 U.S. at 539-41). In reviewing a district judge's decision on severance, the Seventh Circuit has stated that "actual prejudice" does not exist just because "separate trials would have given a defendant a better opportunity for an acquittal." *United States v. Rollins,* 301 F.3d 511, 518 (7th Cir. 2002). Rather, the defendant must have been "deprived of his right to a fair trial." *Id.*

### B. Application of Standard to Circumstances of This Case

Rowe's primary argument relies on the Supreme Court's decision in *Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, the Supreme Court held that a defendant's Sixth Amendment right to confront witnesses against him is violated when the confession of a non-testifying co-defendant, in which the defendant is expressly implicated as a participant in the crime, is admitted in the joint trial of the two defendants, even if the jury is instructed to consider the confession only against the confessing co-defendant. *Id*. at 135-36; *Souffront*, 338 F.3d at 829. Here, on December 4, 2008, following his arrest, Brown gave a statement to law enforcement, which dealt predominantly with Brown's own conduct. The only portion of Brown's statement concerning Rowe consisted of Brown's claim that he did not know why

3

Rowe came to the December 4 transaction and that he did not know why Rowe entered the backseat of the vehicle.

Rowe contends that his trial should be severed because the admission of Brown's post-arrest statement could prejudice him. However, Brown's post-arrest statement does not inculpate Rowe at all; rather, if credited by the trier of fact, it would tend to exculpate Rowe. But more to the point, the Government has indicated both in its response to Rowe's motion to sever and at the final pretrial conference that it does not intend to offer that portion of Brown's statement at trial. In fact, the Government has filed a motion *in limine* in April 2010 seeking to exclude that portion of Brown's statement at trial.[1] Thus, there is no *Bruton* issue with respect to Brown's post-arrest statement.

Rowe's motion and reply brief also allude to subsequent statements made by Brown pursuant to a proffer agreement with the Government. The Government has indicated, both in its response brief and at the final pretrial conference, that is does not intend to offer evidence of these statements in its case-in-chief. Pursuant to the terms of the proffer agreement, the Government may offer evidence of Brown's proffer-protected statements at trial for impeachment or in rebuttal testimony only if Brown testifies contrary to the substance of the proffer, or otherwise presents a position inconsistent with the proffer. However, if Brown chooses to testify at trial, *Bruton* is not implicated because Rowe's Confrontation Clause rights would be satisfied by the opportunity to cross-examine Brown.[2] See *United States v. Clark*, 989 F.2d 1490, 1498 (7th Cir. 1993). Because there is no *Bruton* issue and Defendant has not identified any other specific trial right that will be compromised, severance on the basis that

---

[1] Rowe has filed a motion *in limine* seeking a pre-trial ruling that the same statement *is* admissible at trial.

[2] Rowe concedes in his reply brief that the "United States correctly notes that [in the event Brown testifies], Brown would be available for cross examination and there would be no *Bruton* issue presented by this circumstance * * *."

4

there is a serious risk that a joint trial would compromise a specific trial right of Rowe's is not appropriate.

Because Rowe has not identified a specific trial right that will be compromised, he must demonstrate that a joint trial will prevent the jury from making a reliable judgment about guilt or innocence. Rowe asserts that it will be "unreasonably difficult for the jury to attribute individual actions and charges as to one defendant or the other." But the events of December 4, 2008, are simple and straightforward: Defendants allegedly rode together to 31st and Normal in the Durango, met with the UC in the car, and obtained what they believed was 10 kilograms of cocaine, after which they were arrested. Because these facts are not particularly complex, it seems highly unlikely that the jury would be unable to reach a reliable judgment about guilt or innocence as to each Defendant. Courts have recognized that juries can separate what evidence is relevant to each party and/or count "where the testimony and evidence will not be extensive or complex." See *United States v. Lowe,* 2009 WL 230655, at *3 (S.D. Ill. Jan. 30, 2009) (citing *United States v. Lanas*, 324 F.3d 894, 900 (7th Cir. 2003)).

Given the substantial overlap in evidence, a separate trial of Rowe would involve most of the same witnesses testifying about the same events as at a trial of Brown. This too weighs against Rowe's claims of potential prejudice. See *Lanas*, 324 F.3d at 900 ("[D]efendants' claim of prejudice is further undercut by the fact that much of the evidence admitted at their joint trial would have been admissible against them in separate trials as well."). The mere fact that Brown has been charged with other counts or that there may be additional evidence presented against Brown does not independently establish actual prejudice. *United States v. Caliendo*, 910 F.2d 429, 437-38 (7th Cir. 1990) (affirming denial of severance even though evidence presented against co-defendants was "more substantial" than that presented against defendant). A "simple

'disparity in the evidence' will not suffice to support a motion for severance *i.e.*, it does not independently establish 'actual prejudice.'" *Id.* at 438. Any risk of evidentiary spillover can be addressed by jury instructions and appropriate limiting instructions, which the Seventh Circuit has consistently held provide an adequate safeguard.[3] *Alexander*, 135 F.3d at 478.

Additionally, the fact that Brown faces two additional charges does not warrant severance in these circumstances. *Id.* As previously stated, the charges are straightforward and not overly complex, and any potential problems from a possible spill-over effect in this case can be averted by crafting appropriate jury instructions. Moreover, as previously indicated, the Government has stated that the additional evidence related to the conspiracy charge and gun charge does not implicate Rowe. *U.S. v. Gonzalez,* 933 F.2d 417, 426 (7th Cir. 1991); *U.S. v. Hedman,* 630 F.2d 1184, 1200 (7th Cir. 1980).

Rowe also contends that "Brown's admissions of his own wrongdoing make it impracticable for Rowe to present any theory to the jury involving the two co-defendants' mutual innocence." Reply at 1. However, "[m]utually antagonistic defenses do not automatically result in severance." *U.S. v. Rivera,* 6 F.3d 431, 437-38 (7th Cir. 1993) (citations and quotations omitted). As stated by the Supreme Court in *Zafiro*, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." 506 U.S. at 538-39. The Court acknowledged that while "[a]n

---

[3] The Government's proposed jury instructions include Seventh Circuit Pattern No. 4.05: "Even though the defendants are being tried together, you must give each of them separate consideration. In doing this, you must analyze what the evidence shows about each defendant, leaving out of consideration any evidence that was admitted solely against the other defendant. Each defendant is entitled to have his case decided on the evidence and the law that applies to that defendant." Additionally, Seventh Circuit Pattern No. 7.04 reads: "Each count of the indictment charges each defendant in that count with having committed a separate offense. You must give separate consideration both to each count and to each defendant. You must consider each count and the evidence relating to it separate and apart from every other count. You should return a separate verdict as to each defendant and as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count."

important element of a fair trial is that a jury consider *only* relevant and competent evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant and competent evidence." *Id.* at 540 (internal citations omitted). In the circumstances present here, limiting instructions can be crafted to avert any prejudice related to Brown's post-arrest statements regarding his own – not Rowe's – culpability.

In *United States v. Blankenship*, a case cited by Rowe, the Eleventh Circuit identified three types of cases in which severance might be appropriate because a jury may be unable to make a reliable judgment about guilt or innocence. 382 F.3d 1110, 1123 (11th Cir. 2004). First, severance may be mandated where compelling evidence that is not admissible against one of the co-defendants is to be introduced against the other co-defendant, for instance, where evidence against one is so overwhelming or "gruesome" that a jury could not separate out the other defendant. The second situation arises where there is so much evidence and so many defendants and counts that it would be difficult for a jury to compartmentalize the evidence against each defendant. And the third instance encompasses the scenario in which one defendant is charged with a crime that is significantly different than the other defendant.

With respect to the first situation, "[t]his is a concern, for example, where the * * * gruesome evidence against one defendant overwhelms the *de minimus* evidence against the co-defendant(s)." *Id.* (internal citations omitted); see also *United States v. Sampol,* 636 F.2d 621 (D.C. Cir. 1980) (mandating severance where limiting instructions "could not provide their intended protection against prejudice in the face of this emotional evidence"). However, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered. The mere fact that there may be an "enormous disparity in the evidence admissible against [one defendant]

compared to the other defendants" is not a sufficient basis for reversal. *Id.* A defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants. *Id.*; see also *United States v. Balter,* 91 F.3d 427, 433 (3d Cir. 1996) ("Prejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant or some evidence adduced is more damaging to one defendant than others."). To be sure, the presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense. See *United States v. Briscoe,* 896 F.2d 1476, 1498 (7th Cir. 1990) ("Generally, a cautionary instruction will be sufficient to cure any unfair prejudice * * * * [H]owever, if the evidence creates an unacceptably high inference of wrongdoing against another defendant, the district court should either exclude the evidence or sever the trials."). In view of the fairly straightforward way in which the evidence in this case is likely to be presented, the Court cannot see any reason why the usual presumption that the jury will able to adhere to limiting instructions should not apply.

In regard to the second scenario, courts have explained that the "reliable judgment" exception applies in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently. See *United States v. Cassano,* 132 F.3d 646, 651 (11th Cir. 1998) ("A defendant satisfies the compelling prejudice requirement by showing that the jury was unable to sift through the evidence and make an individualized determination as to each defendant." (marks and citation omitted)). But this trial – slated for one week with only

two defendants, a total of three counts, and minimal documentary evidence – is neither too extensive nor too intricate to give rise to concerns about the jury's ability to heed any limiting instructions.

Finally, in the third scenario, severance is required under *Zafiro* where one defendant is being charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of the other defendants. Once again, both Defendants are charged with a possession with intent to distribute count on one occasion, and the Court is confident that limiting instructions can cure any issues presented by the additional counts against Brown alone.

### III. Conclusion

Based on the record currently before the Court as well as the representations by the Government as to what evidence it intends to offer, there is no particularly powerful or dispositive evidence that will be admissible against Brown but not Rowe, the effect of which cannot be cured by a limiting instruction. Moreover, the parties have estimated that the entire case should take less than a week to try and the one count that implicates both Defendants concerns alleged criminal conduct arising out of a single drug buy. There simply is not a large volume of evidence that would make it difficult, much less "nearly impossible," for a jury to assess the guilt or innocence of each defendant independently. Finally, Defendant Rowe has not identified a specific trial right that will be compromised by a joint trial. For these reasons (and the additional reasons set forth above), Defendant Rowe's motion to sever [96] is respectfully denied.

Dated: December 29, 2010

_____
Robert M. Dow, Jr.
United States District Judge